Filed 6/13/23  P. v. Patella CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>JONATHAN PATELLA,<br><br>    Defendant and Appellant. | F084397<br><br>(Super. Ct. No. F17900949)<br><br><br>**OPINION** |

---

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Fresno County. Carlos A. Cabrera, Judge. (Retired Judge of the Fresno Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)

Paul Kleven, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Michael A. Canzoneri and Barton Bowers, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]    Before Hill, P. J., Peña, J. and DeSantos, J.

This is the second appeal in this matter. In 2017, appellant Jonathan Patella pled no contest to two violations of carjacking (Pen. Code,[1] § 215, subd. (a)) and two violations of attempted carjacking (§§ 664/215, subd. (a)). The trial court imposed a prison term of six years eight months but found unusual circumstances existed so as to justify staying appellant's prison term for a period of three years, during which appellant would be on formal probation. In 2018, appellant admitted to a violation of probation. The sentencing court lifted the stay on appellant's sentence. On June 27, 2018, the day after appellant was sentenced, the mental health diversion statute, section 1001.36, took effect.

In *People v. Patella* (Apr. 1, 2021, F077821) [nonpub. opn.]) this court ordered a conditional limited remand so that the trial court could determine appellant's eligibility for mental health diversion as agreed upon by the People, pursuant to *People v. Frahs* (2020) 9 Cal.5th 618 (*Frahs*), where the Supreme Court held section 1001.36 applied retroactively to cases not final on appeal and such cases should be remanded where the defendant appeared to meet the threshold liability requirement. We otherwise affirmed the judgment.

Upon remand, appellant applied for mental health diversion and was denied. He appeals from the order denying his application, contending the court relied on improper factors, and the findings were otherwise unsupported by the evidence. Respondent agrees the order denying appellant's application must be reversed, relying in part on recent amendments to section 1001.36 by Senate Bill No. 1223 (2021-2022 Reg. Sess.; Senate Bill 1223).

In light of respondent's concession, we reverse the court's order denying appellant's application and remand the matter with directions to the trial court to consider it pursuant to section 1001.36, as amended.

---

[1] All further undesignated statutory references are to the Penal Code.

**FACTUAL AND PROCEDURAL BACKGROUND**

The underlying facts of appellant's offenses are set forth in our previous opinion, *People v. Patella*, *supra*, F077821. As relevant to the issue raised in the present appeal, on April 25, 2022, appellant filed an application for mental health diversion under section 1001.36 alleging he met the requirements for eligibility. He proffered a report prepared by Richard A. Blak, Ph.D., detailing a psychological evaluation Blak performed on appellant in March 2022, from which he opined appellant met the requirements for mental health diversion.

The People opposed the application. They questioned the validity of his most recent mental disorder diagnosis discussed in the report; contended appellant was unlikely to respond to mental health treatment, as the record indicated appellant had previously absconded both from a mental health facility and residential drug treatment; and contended that he posed an unreasonable risk of danger to public safety, asserting that his criminal history reflected escalating behavior that could further "escalate to the commission of a [super-strike offense]."

On May 13, 2022, the court found that appellant was not eligible for mental health diversion, "based on the nature of his offenses, and that he presents a danger to the community, and that his offenses are not mental health related, but are more drug use related." The court further expressed concern that it appeared appellant had already served his sentence and that applying for mental health diversion may have been "some strategy" on the part of defense counsel.[2]

---

[2] We appreciate the trial court's concern regarding the late stage of appellant's case. We note the adjudication of a mental health diversion application at this late stage in a case is a feature of cases like appellant's affected by our Supreme Court's decision in *Frahs*, *supra*, 9 Cal.5th 618, where the defendant was convicted both before the enactment of section 1001.36 and before their judgment became final. We note we were not tasked in the prior appeal nor are we in this appeal with determining the timeliness of an application for mental health diversion in cases taking place *after* the enactment of section 1001.36. Our Supreme Court recently held a section 1001.36 request must be

## I.  Relevant Legal Background

On January 1, 2023, Senate Bill 1223 took effect, amending section 1001.36. Section 1001.36, subdivision (b) currently provides that a defendant is eligible for mental health diversion if: (1) "[t]he defendant has been diagnosed with a mental disorder as identified in the most recent edition of the Diagnostic and Statistical Manual of Mental Disorders … [and] [¶] (2) "[t]he defendant's mental disorder was a significant factor in the commission of the charged offense." With regard to paragraph (2), prior to the enactment of Senate Bill 1223, the statute only required that the court be "satisfied" the defendant's mental disorder was a significant factor and provided the court could make such a conclusion based on "any relevant and credible evidence," including, for example, police reports, preliminary hearing transcripts, and mental health/medical records.

With the enactment of Senate Bill 1223, however, paragraph (2) now reads in pertinent part: "If the defendant has been diagnosed with a mental disorder, the court *shall* find that the defendant's mental disorder was a significant factor in the commission of the offense unless there is clear and convincing evidence that it was not a motivating factor, causal factor, or contributing factor to the defendant's involvement in the alleged offense." (Italics added.)

The statute further provides that if a defendant satisfies the eligibility requirements set forth in section 1001.36, subdivision (b), the court must consider whether the defendant is *suitable* for diversion. A defendant is suitable when the following criteria are met: (1) in the opinion of a qualified mental health expert, the defendant's symptoms of the mental disorder related to the criminal behavior would respond to mental health treatment; (2) the defendant consents to diversion; (3) the defendant agrees to comply

---

made before attachment of jeopardy at trial or the entry of a guilty or no contest plea, whichever occurs first. (*People v. Braden* (June 5, 2023, S268925) ___ Cal.5th ___ [2023 Cal. LEXIS 3021, *1] [2023 WL 3807557].)

4.

with treatment; and (4) the defendant will not pose an unreasonable risk of danger to public safety, as defined in section 1170.18, if treated in the community. (§ 1001.36, subd. (c).)

Section 1170.18, subdivision (c) defines "unreasonable risk of danger to public safety" as "an unreasonable risk that the petitioner will commit a new violent felony within the meaning of clause (iv) of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667." The offenses listed in section 667, subdivision (e)(2)(C)(iv) are commonly referred to as "super strikes" and include: (1) sexually violent offenses; (2) several enumerated sexual offenses involving minors; (3) any homicide offense; (4) solicitation to commit murder; (5) assault with a machinegun on a peace officer or firefighter; (6) possession of a weapon of mass destruction; and (7) any serious or violent felony offense punishable in California by life imprisonment or death. (§ 667, subd. (e)(2)(C)(iv); *People v. Moine* (2021) 62 Cal.App.5th 440, 449.)

Section 1001.36, subdivision (d) lists offenses which preclude a defendant from being placed in a diversion program, on which appellant's offenses do not appear.

If the court finds the defendant both eligible and suitable for mental health diversion, the court may order it. (§ 1001.36, subd. (a).)

## II. Standard of Review

"A trial court's ruling on a motion for mental health diversion is reviewed for an abuse of discretion, and factual findings are reviewed for substantial evidence. [Citations]. A trial court has 'broad discretion to determine whether a given defendant is a good candidate for mental health diversion.' [Citation]. 'A court abuses its discretion when it makes an arbitrary or capricious decision by applying the wrong legal standard [citations], or bases its decision on express or implied factual findings that are not supported by substantial evidence.' " (*People v. Whitmill* (2022) 86 Cal.App.5th 1138, 1147.)

## III.  Analysis

Respondent accepts that section 1001.36 applies retroactively to appellant's case, as the judgment is not yet final.  (*Frahs*, *supra*, 9 Cal.5th at p. 630.)  As to appellant's claim that the court erred, respondent concedes:  (1) the trial court could not properly rely on the " 'nature of [appellant's] offenses' " because appellant's offenses do not per se disqualify him from diversion under section 1001.36, subdivision (d); (2) there was "no evidence" appellant was likely to commit a super-strike offense and thus no evidence he posed an unreasonable risk of danger to public safety; and (3) the court's finding that "appellant's offenses 'are not mental health related, but are more drug use related' " was an abuse of discretion in light of amended section 1001.36, which now includes "a rebuttable presumption that 'the defendant's mental disorder was a significant factor in the commission of the offense....' "

We accept respondent's concessions.  While we appreciate respondent's reluctance to concede remand is appropriate, we accept their fair assessment both that appellant's offenses did not on their own disqualify him from diversion and that the record did not contain substantial evidence that appellant was likely to commit a super-strike offense.  Appellant had no super-strike offenses on his record.  Rather, in addition to the present case, appellant had committed prior drug-related felony offenses, and had since committed two misdemeanor offenses.  There is no indication in appellant's criminal history or from any other evidence presented that he was likely to commit a super strike.  Finally, we agree with respondent that the matter must be remanded in light of Senate Bill 1223, as the court relied on its conclusion that appellant's mental disorder was not a significant factor of the offense.  Under section 1001.36, as amended, the court cannot make such a reliance unless it first finds by clear and convincing evidence appellant's mental disorder "was not a motivating factor, causal factor, or contributing factor to the defendant's involvement in the alleged offense" as required by section 1001.36, as amended.

6.

For these reasons, we find the court abused its discretion by denying appellant's application for mental health diversion. The matter must be remanded for the trial court to reevaluate appellant's application under section 1001.36, as amended by Senate Bill 1223. We note our conclusions are based on the record as it stood at the time of the court's order; this opinion is not intended to preclude the trial court from considering any subsequent evidence that may come to light, particularly, but not exclusively, as it relates to whether appellant poses an unreasonable risk of danger to public safety. Upon remand, the court should fully evaluate appellant's application in light of the then current circumstances. We express no view concerning the outcome of appellant's application, so long as it is not inconsistent with this opinion. For example, we express no view on how the court upon remand evaluates any of the factors for eligibility or suitability not discussed herein, such as whether appellant agrees to comply with treatment.

## **DISPOSITION**

We reverse the court's order denying appellant's application for mental health diversion. The matter is remanded for a new hearing for the trial court to consider appellant's application for mental health diversion under section 1001.36, as amended by Senate Bill 1223, in a manner consistent with this opinion.